UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

FILED
2009 SEP 11  A 9: 12

U.S. DISTRICT COURT

| | |
|---|---|
| JASON M. DAY | : |
| | :  PRISONER |
| v. | :  Case No. 3:09CV1034(RNC) |
| | : |
| MARK STRANGE, ET AL. | : |

RULING ON PLAINTIFF'S MOTION FOR RECONSIDERATION

On July 23, 2009, the court denied plaintiff's motion to proceed in forma pauperis in this civil rights action. Plaintiff now seeks reconsideration of that decision.

Reconsideration will be granted only if the moving party can identify controlling decisions or data that the court overlooked and that would reasonably be expected to alter the court's decision. See Schrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995). A motion for reconsideration may not be used to relitigate an issue the court already has decided. See SPGGC, Inc. v. Blumenthal, 408 F. Supp. 2d 87, 91 (D. Conn. 2006), aff'd in part and vacated in part on other grounds, 505 F.3d 183 (2d Cir. 2007).

As explained in the prior ruling, plaintiff has had more than three cases dismissed as frivolous, malicious or failing to state a claim upon which relief may be granted. Thus, he may only proceed in forma pauperis if he is under imminent danger of

serious physical injury. See 28 U.S.C. § 1915(g). To meet the imminent danger exception, the allegation of imminent danger of serious physical injury must be "fairly traceable" to the unlawful conduct alleged in the complaint and a favorable judicial outcome must redress that injury. Pettus v. Morgenthau, 554 F.3d 293, 298-99 (2d Cir. 2009). The imminent danger must be present at the time the complaint is filed. Id. at 296. See e.g., Palmer v. New York State Dep't of Corrections, No. 08-0234-pr, 2009 WL 2243706, at *2 (2d Cir. Jul. 28, 2009) (plaintiff did not allege imminent danger of serious physical injury where claim related to injuries resulting from drinking contaminated water and plaintiff had received treatment and was no longer confined at that facility).

The complaint includes one claim. Plaintiff challenges the hearing held on June 4, 2009, regarding a request that he be removed from protective custody status and placed on special needs management status. In determining whether plaintiff had alleged imminent danger of serious physical injury, the court reviewed the allegations in the complaint as well as the approximately 100 pages of exhibits attached to the complaint. The court concluded that plaintiff's possible reassignment to special needs management status did not constitute imminent danger of serious physical injury. The exhibits attached to the complaint document threats by other inmates to harm him at

various times prior to his transfer to Garner Correctional Institution in February 2005, but do not demonstrate evidence of recent threats against him by other inmates. Speculation about a possible transfer from protective custody status does not demonstrate imminent danger of serious physical injury.

Plaintiff's Motion for Reconsideration [**Doc. #6**] is **GRANTED**. After careful reconsideration, the court **AFFIRMS** its Ruling [**Doc. #5**] denying the application to proceed in forma pauperis on the ground that the plaintiff had not shown that he will suffer imminent physical harm if this action does not proceed. Plaintiff shall tender the filing fee within **twenty (20)** days from the date of this order. If the court has not received payment within that time, this case will be dismissed.

**SO ORDERED** this ___10___ day of __September__ 2009, at Bridgeport, Connecticut.

/s/ Holly B. Fitzsimmons, USJ
HOLLY B. FITZSIMMONS
UNITED STATES MAGISTRATE JUDGE